IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:11CV578-HEH
)
WILLIAM C. SMITH, )
)
    Respondent. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Gary B. Williams, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court for the City of Richmond, Virginia ("Circuit Court"). Respondent moved to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Williams responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. Original Conviction

On December 9, 2005, Williams pled guilty, pursuant to a plea agreement, in the Circuit Court for the City of Richmond, Virginia ("Circuit Court") to one count of involuntary manslaughter. The Circuit Court sentenced Williams to five years of imprisonment with three years and eleven months suspended, resulting in a total active

sentence of one year and one month of imprisonment. *Commonwealth v. Williams*, No. CR04-F-4668 (Va. Cir. Ct. Dec. 9, 2005). Williams did not file a direct appeal.[1]

## B. Revocation Proceeding

On December 3, 2008, following Williams's indictment in this Court for narcotics violations, the Circuit Court ordered Williams to show cause why the suspended portion of his December 9, 2005 sentence should not be revoked. *Commonwealth v. Williams*, No. 04-F-4668-01/BBC (Va. Cir. Ct. Dec. 3, 2008).

On April 10, 2011, Williams filed a petition for a writ of habeas corpus in the Court of Appeals of Virginia challenging his ongoing probation revocation proceedings ("First State Habeas"). "Finding no exceptional circumstances in this case justifying exercise of [the Court of Appeals of Virginia's] original jurisdiction," the Court of Appeals of Virginia dismissed the petition without prejudice to file in the appropriate court. *Williams v. Simons*, No. 0745-11-2 (Va. Ct. App. June 3, 2011).

On June 20, 2011, Williams executed a petition for a writ of habeas corpus directed to the Supreme Court of Virginia challenging both his December 9, 2005 conviction and his ongoing revocation proceedings ("Second State Habeas"). On August

---

[1] Williams did, however, attempt to perfect two *pro se* interlocutory appeals of Circuit Court orders granting a continuance and granting a motion to nolle prosequi a child neglect charge. Though the Court of Appeals of Virginia explained that "[n]either order [was] appealable," *Williams v. Commonwealth*, No. 195-05-2, at 1 (Va. Ct. App. July 5, 2005), Williams continued his attempt to appeal by petitioning the Supreme Court of Virginia. The Supreme Court of Virginia subsequently "barred [Williams] from filing any *pro se* pleadings with the Court of Appeals or Supreme Court of Virginia without [the] prior leave of that Court." *Williams v. Commonwealth*, No. 051445, at 1 (Va. Sept. 16, 2005) (emphasis added).

11, 2011, the Supreme Court of Virginia dismissed the petition as untimely. *Williams v. Superintendent, W. Tidewater Reg'l Jail*, No. 111165 (Va. Aug. 11, 2011).

On March 27, 2012, the Circuit Court found Williams in violation of the terms of his December 9, 2005 suspended sentence. *Commonwealth v. Williams*, No. CR04-F-4668 (Va. Cir. Ct. Mar. 27, 2012). The Circuit Court revoked the previously suspended sentence, ordering Williams to serve three years and eleven months of imprisonment. *Id.*

### C. Williams's Federal Habeas Petition

On August 23, 2011, Williams filed a § 2254 Petition in this Court. (§ 2254 Pet. 15, Dk. No. 1.)[2] In the § 2254 Petition, Williams makes the following claims for relief:

| | |
|---|---|
| Claim One | The Circuit Court denied Williams due process by accepting Williams's plea agreement. |
| Claim Two | Due to the Circuit Court's error in accepting the plea agreement, Williams's plea to the charge of involuntary manslaughter is void. |
| Claim Three | The Circuit Court denied Williams meaningful access to courts during his revocation proceedings. |
| Claim Four | "'Outrageous Government Conduct' by the state warrants dismissal of [Williams's] revocation proceedings, and underlying conviction." (§ 2254 Pet. 11.) |

## II. ANALYSIS

---

[2] Although ECF reflects a filing date of Sept. 6, 2011, The Court deems the petition filed on the date Williams swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

Where a petitioner challenges both his original conviction and a probation revocation related to that conviction in the same 28 U.S.C. § 2254 petition, it is appropriate for the Court to separate the claims relating to the original conviction from the claims relating to the probation revocation. *See Retic v. United States*, 321 F. App'x 865, 865 (11th Cir. 2009) (upholding district court determination that separate judgments attacked in same habeas petition have separate statutes of limitations); *Hardemon v. Quarterman*, 516 F.3d 272, 275–76 (5th Cir. 2008) (emphasizing that petitioners may attack multiple judgments from same state court in single § 2254 petition).[3] Williams's Claims One and Two challenge his original conviction and Claims Three and Four challenge his revocation proceedings. Respondent contends that the statute of limitations bars Claims One and Two and that Williams failed to exhaust his state remedies regarding Claims Three and Four. Respondent is correct. Accordingly, as explained below, Claims One and Two will be dismissed with prejudice and Claims Three and Four will be dismissed without prejudice.

## III. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the

---

[3] *See also Short v. Eagleton*, No. 8:05-2915-GRA-BHH, 2006 WL 2583614, at *6 (D.S.C. Sept. 6, 2006) (considering petitioner's claims relating to original conviction separately from claims relating to probation revocation); *Hathcock v. McDonough*, No. 07-61836-CIV, 2008 WL 2814868, at *5 (S.D. Fla. July 22, 2008) (stating that, where petitioner challenges original conviction and probation revocation in the same habeas petition, the one-year statute of limitations runs separately for each judgment (citing *Williams v. Vasbinder*, No. 05-73471-DT, 2006 WL 2123908, at *2 (E.D. Mich. July 27, 2006))).

filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Thirty days after Williams's December 9, 2005 sentencing for involuntary manslaughter in the Circuit Court, that judgment became final for purposes of AEDPA.

*Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . .") (citing 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5A:6(a) (West 2005).[4] Thus, Williams's original conviction became final on Monday, January 9, 2006, the last date to file his notice of appeal. Williams then had one year, or until Tuesday, January 9, 2007, to file any federal habeas challenge to his original conviction or sentence. Williams did not file the § 2254 Petition until August 23, 2011.

## B. Statutory Tolling

The AEDPA's one-year statute of limitations expired prior to the filing of either of Williams's two relevant state court habeas petitions. Thus, neither of these state court habeas petitions could toll the AEDPA statute of limitations. *See Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).[5] Therefore, the statute of limitations ran for 2051 days before Williams filed the § 2254 Petition in this Court. Accordingly, unless circumstances entitle Williams to either a belated commencement or equitable tolling, the statute of limitations bars Claims One and Two.

---

[4] "No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal . . . ." Va. Sup. Ct. R. 5A:6(a) (West 2005).

[5] Additionally, Williams failed to timely file the Second State Habeas in state court. Thus, even if Williams had filed it within the AEDPA's limitations period, the Second State Habeas would still not be "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

## C. Belated Commencement

As pertinent here, the statute of limitations may commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)). "[Section 2244(d)(1)(B)] demands that a state-created impediment must, to animate the limitations-extending exception, 'prevent' a prisoner from filing for *federal habeas relief*." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (emphasis added) (citing *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002)).

Williams claims that the Circuit Court and Virginia's appellate courts colluded to prevent him from filing either a direct appeal or state habeas petition attacking his December 9, 2005 involuntary manslaughter conviction. Nevertheless, absent entirely from Williams's submissions is any explanation as to why he waited nearly six years after his December 9, 2005 conviction to file a *federal* petition pursuant to 28 U.S.C. § 2254. Accordingly, Williams fails to demonstrate that he is entitled to a belated commencement of the limitation period under § 2244(d)(1)(B).

## D. Equitable Tolling

7

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "bears a strong burden to show specific facts" which demonstrate that he fulfills both elements of the test. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008).

Williams does not attempt to explain any reason why he should be entitled to equitable tolling. Moreover, Williams fails to demonstrate that he pursued his rights diligently or that some extraordinary circumstance prevented him from filing a timely federal petition for a writ of habeas corpus. Accordingly, Williams is not entitled to equitable tolling.

Because Williams fails to demonstrate any meritorious grounds for either equitable tolling or a belated commencement of the limitation period, Claims One and Two will be dismissed with prejudice.

## IV. EXHAUSTION OF STATE REMEDIES

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in the congressional determination via federal habeas laws "that exhaustion

of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion requires the petitioner to make a two-part showing. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has exhausted all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Here, Williams failed to properly present Claims Three and Four to the Supreme Court of Virginia. As of June 12, 2012, Williams has not filed a direct appeal of the

9

March 27, 2012 revocation judgment.[6] Additionally, Williams has not filed a proper habeas petition in the Circuit Court or the Supreme Court of Virginia challenging the March 27, 2012 judgment.

This Court acknowledges that Williams challenged aspects of the revocation proceedings in the Second State Habeas. However, in Virginia, habeas petitioners challenging revocation proceedings must file within "one year *after* the cause of action accrues." *Booker v. Dir., Dep't Corr.*, No. 111363, 2012 WL 2053855, at *1 (Va. June 8, 2012) (emphasis added) (citing Va. Code Ann. § 8.01-654(A)(2)). Williams's cause of action for his probation revocation proceedings did not accrue until March 27, 2012, "when the [C]ircuit [C]ourt entered the order under which [Williams] is currently detained." *Id.* When Williams executed the Second State Habeas on June 20, 2011, his probation revocation cause of action had yet to accrue. *See* Va. Code Ann. § 8.01-654(A)(2). Thus, Williams's probation revocation claims in the Second State Habeas did not comply with Virginia's procedural rules governing habeas proceedings. Accordingly, Williams failed to exhaust these claims because they were never properly presented to the Supreme Court of Virginia. *See Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) ("Meaningful exhaustion is that which accords with the state's chosen procedural scheme. Indeed, the exhaustion provisions in Title 28 presuppose the presentation of claims in accordance with nonfutile state procedures.") (citing 28 U.S.C. § 2254(c)).

---

[6] Generally, Virginia requires that, to perfect an appeal, the appellant must file a notice of appeal in the trial court within thirty days of the entry of final judgment. *See* Va. Sup. Ct. R. 5A:6(a) (West 2012).

As explained above, the Commonwealth of Virginia has not been given "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275 (internal quotation marks omitted). Furthermore, Williams fails to satisfy the first aspect of exhaustion because he can still file a petition for a writ of habeas corpus challenging his probation revocation with the state courts. Va. Code Ann. § 8.01-654(A)(2).[7] Thus, Claims Three and Four will be dismissed without prejudice to re-file after Williams exhausts his state court remedies.

## V. CONCLUSION

For the foregoing reasons, Williams's Claims One and Two will be dismissed with prejudice. Claim Three and Four will be dismissed without prejudice for Williams to pursue in state court. Respondent's Motion to Dismiss (Dk. No. 10) will be granted and Williams's § 2254 Petition will be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[7] This section provides, in pertinent part: "A petition for writ of habeas corpus ad sujiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2). Of course, **Williams must act before March 27, 2013 in pursuing a state petition for a writ of habeas corpus.**

11

'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Williams is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall issue.

Date: Sept 10, 2012
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE