IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GARY B. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:11CV578–HEH |
| ) | |
| WILLIAM C. SMITH, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**
**(Denying Williams's Rule 59(e) Motion)**

By Memorandum Opinion and Order entered on September 11, 2012, the Court dismissed Williams's 28 U.S.C. § 2254 Petition. *See Williams v. Smith*, No. 3:11CV578–HEH, 2012 WL 3985609, at *5 (E.D. Va. Sept. 11, 2012). On October 3, 2012, the Court received from Williams a Rule 59 Motion to Alter/Amend the Court's Final September 11, 2012 Judgment ("Rule 59(e) Motion") (ECF No. 35). *See* Fed. R. Civ. P. 59(e). For the reasons stated herein, the motion will be denied.

The Fourth Circuit recognizes three grounds for relief under Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Williams

argues that the Court must grant his Rule 59(e) Motion to correct "plain error" and to prevent "manifest injustice." (Br. Supp. Rule 59(e) Mot. at 2–3.)

For the claims challenging the March 27, 2012 judgment of Circuit Court for the City of Richmond ("Circuit Court") revoking Williams's probation, Williams argues that the Court erred in finding his claims unexhausted. Williams argues that the Court erred by stating that Williams still possessed the ability, until March 27, 2013, to pursue a state habeas petition challenging his March 27, 2012 probation revocation. Williams alleges that the state would find his claims challenging the probation revocation barred from review. Specifically, he contends that he raised claims challenging his revocation proceedings in his state habeas petition, as purportedly "admitted" by Respondent (*id.* at 2), and the Supreme Court of Virginia in its August 11, 2011 Order, "dismissed the revocation issues without review as 'time barred.'" (*Id.*) Thus, he contends the Supreme Court of Virginia's August 11, 2011 Order "bars any further judicial review in state courts." (*Id.* at 3.)

As explained thoroughly in this Court's September 11, 2012 Memorandum Opinion and Order, the state habeas petition and the order Williams references above predate the March 27, 2012 probation revocation judgment. *See Williams*, 2012 WL 3985609, at *1, *5. Williams's cause of action for his probation revocation accrued under Virginia law on March 27, 2012; thus, any purported attempt to raise claims challenging his probation revocation prior to that date failed to comport with Virginia's habeas corpus procedural rules. *Id.* at *5 (citing *Booker v. Dir., Dep't Corr.*, No 111363, 2012 WL 2053855, at *1 (Va. June 8, 2012)). For the reasons stated in the September 11,

2

2012 Memorandum Opinion and Order, Williams has not exhausted his claims challenging the March 27, 2012 probation revocation.

To the extent Williams intends to challenge the Court's finding that the one-year statute of limitations bars his claims arising from his December 9, 2005 conviction, Williams again fails to explain why he waited six years to file his *federal* habeas petition. *See id.* at *3–4.

Williams fails to demonstrate that the Court committed a clear error of law or any other grounds for granting relief under Rule 59(e). *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). Accordingly, Williams's Rule 59(e) Motion (ECF No. 35) will be denied.

Williams also challenges the Court's denial of a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Local Rule for the United States Court of Appeals for the Fourth Circuit 22(a)(1)(A) contemplates that review of the district court's denial of a COA should be directed to the Fourth Circuit not the district court. 4th Cir. Loc. R. 22(a)(1)(A) (when "the district court has not granted a [COA] . . . appellant may submit a request for a [COA] with the Court of Appeals specifying the issues on which the appellant seeks authorization to appeal and giving a statement of the reasons why a certificate should be issued").

An appropriate Final Order will accompany this Memorandum Opinion.

It is so ORDERED.

                                                 /s/  
Date: Jan 28, 2013        HENRY E. HUDSON  
Richmond, Virginia      UNITED STATES DISTRICT JUDGE